IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:05CR3135 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| MALCOLM D. WILKS, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the presentence investigation report and addendum in this case. Except for the defendant's objection (filing 20 ¶ 1) regarding a four-level enhancement for the gun and two-level enhancement because the gun was stolen and the defendant's motion for departure due overstatement of criminal history (filing 20 ¶ 2), there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2) The parties are advised that:

A.  Notice is given that I may reject the Rule 11(c)(1)(C) plea agreement. The failure of the parties to hold the defendant responsible for the unlawful possession of the stolen gun *in relationship to* defendant's admitted possession of more than an "eight-ball" of crack cocaine appears to substantially undermine the advisory Guidelines and result in unwarranted sentencing disparity. The parties should be prepared to justify their plea agreement. See, e.g., United States v. Coney, 390 F. Supp.2d 844 (D. Neb. 2005) (If a plea agreement requires a sentence or sentencing range outside the advisory Guidelines, the plea agreement should be accepted if the plea agreement can honestly be justified by reference to a specific provision of the advisory Guidelines even though that sentence or sentencing range is otherwise outside the Guidelines. If a plea agreement requires a sentence or sentencing range outside the Guidelines, and the plea agreement cannot honestly be justified by reference to a specific provision of the advisory Guidelines, a judge should presume that the plea agreement is improper, and therefore should reject it unless the parties can demonstrate that (1) use of the bargained-for sentence or range will not undermine the Guidelines and (2) there is a compelling reason for implementing the agreement.)

B.  The defendant's objection to the gun enhancements will be resolved at sentencing.

C.  The defendant's departure motion due to overstatement of criminal history (filing 20 ¶2 and filing 21 (the defendant's brief)) is denied. Even if I accept every fact stated in the defendant's brief as being true, I would not depart downward. On the contrary, the defendant's criminal history category of IV does not

overstate what he actually did nor does it overstate likelihood of recidivism.

(3) Except to the extent (if at all) that I have reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

June 12, 2006.                BY THE COURT:

                              s/ *Richard G. Kopf*
                              United States District Judge